IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA A. JACKSON and CHELLIE JACK CARR a/k/a CHELLIE JACKSON CARR-MORA, Plaintiffs, v. U.S. BANK NATIONAL ASSOCIATION, as Trustee, in trust on Behalf of J.P. Morgan Mortgage Acquisition Trust 2006-CW2, SELECT PORTFOLIO SERVICING, INC., and SHAPIROSCHWARTZ L.L.P. D/B/A/ SHAPIRO SCHWARTZ LLP, Defendants. | § § § § § § § § § § § § § § § § § | Civil Action No. 4:17-CV-2516 |

# **MEMORANDUM AND ORDER**

Currently pending before the Court in this debt collection and foreclosure dispute is Defendant Shapiro Schwartz, LLP's ("Shapiro") Motion to Reconsider Motion for Summary Judgment and Motion for Judgment on the Pleadings (the "Reconsideration Motion") [Doc. # 34]. Plaintiffs Linda Jackson and Chellie Jack Carr filed a timely response to the Motion.[1] Having considered the parties'

---

[1] Plaintiffs' Response in Opposition to Defendant's Motion to Reconsider Motion for Summary Judgment and Motion for Judgment on the Pleadings [Doc. # 36].

briefing, the applicable legal authorities, and all pertinent matters of record, the Court concludes that the Motion should be **granted.**

I. <u>BACKGROUND</u>

On August 14, 2018, the Court issued its Memorandum and Order (the "M&O") [Doc. # 33][2] granting in its entirety Defendants U.S. Bank National Association, as Trustee, in trust on Behalf of J.P. Morgan Mortgage Acquisition Trust 2006-CW2 and Select Portfolio Servicing, Inc.'s Motion to Summary Judgment and Motion for Judgment on the Pleadings (the "SPS Motion") [Doc. # 21] and granting in substantial part Shapiro's Motion for Summary Judgment and Motion for Judgment on the Pleadings (the "Shapiro Motion" and, together with the SPS Motion, the "SJ Motions") [Doc. # 22]. By the M&O, the Court dismissed each of Plaintiffs' claims in this case except for Count Two of Plaintiffs' Second Amended Complaint [Doc. # 12], pursuant to which Plaintiffs allege that Shapiro violated Section 392.101 of the Texas Debt Collection Practices Act ("TDCPA")[3] by engaging in debt collection without obtaining the requisite surety bond.[4] As

---

[2]  For additional background regarding this dispute, *see* M&O [Doc. # 33], pp. 2-8.

[3]  TEX. FIN. CODE ANN. § 392.000, *et seq.*

[4]  *See* TEX. FIN. CODE § 392.101(a) ("A third-party debt collector or credit bureau may not engage in debt collection unless the third-party debt collector or credit bureau has obtained a surety bond issued by a surety company authorized to do business in this state as prescribed by this section. A copy of the bond must be filed with the secretary of state.").

relevant to the pending Reconsideration Motion, the Court concluded in the M&O that Shapiro was not entitled to summary judgment on Count Two, in part, because Plaintiffs could be entitled to statutory damages for successfully prosecuting that claim notwithstanding their failure to produce any evidence of actual damages.[5]

On August 21, 2018, Shapiro timely filed the Reconsideration Motion. According to Shapiro, the Court should reexamine its decision in the M&O to deny summary judgment on Count Two of Plaintiffs' Second Amended Complaint. Specifically, Shapiro argues that because Plaintiffs have neither produced evidence that they suffered from any actual damages stemming from its alleged violation of TDCPA Section 392.101 nor pleaded any claim for injunctive relief pertaining to TDCPA Section 392.101, they are not entitled to statutory damages under TDCPA Section 392.403(e).[6] For the reasons stated below, the Court concludes Shapiro's argument has merit and **grants** the Reconsideration Motion.

---

[5] M&O [Doc. # 33], pp. 22-23, n.19.

[6] *See* TEX. FIN. CODE § 392.403(e) ("A person who successfully maintains an action under this section for violation of Section 392.101 . . . is entitled to not less than $100 for each violation of this chapter.").

## II.     STANDARD FOR RECONSIDERATION

Rule 59(e)[7] permits a litigant to file a motion to alter or amend a judgment. FED. R. CIV. P. 59(e). Reconsideration of a judgment is an "extraordinary remedy that should be used sparingly." *Waites v. Lee County, Miss.*, 498 F. App'x 401, 404 (5th Cir. Nov. 26, 2012) (quoting *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Knight v. Kellogg Brown & Root Inc.*, 2009 WL 1471788, at *6 (5th Cir. 2009) (quoting *Templet*, 367 F.3d at 479). Instead, Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A litigant seeking relief under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agr. & Mech. Coll.*, 452 F. App'x 495, 499

---

[7]     Although Shapiro does not specify under what rule of the Federal Rules of Civil Procedure it brings its Reconsideration Motion, where, as here, the motion "was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (citing *Texas A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)).

(5th Cir. 2011) (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quotation marks and citation omitted)).

## III. DISCUSSION

The Court's conclusion in the M&O that Shapiro was not entitled to summary judgment on Count Two of the Second Amended Complaint was premised on Plaintiffs' ability to recover statutory damages under TDCPA Section 392.403(e). Assuming *arguendo* that at all times relevant to this case Shapiro was a debt collector subject to TDCPA Section 392.101's bond requirement, Plaintiffs produced no evidence that they suffered any actual damages as a result of Shapiro's alleged failure to adhere to that requirement. To the extent Plaintiffs produced competent evidence of damages in the form of mental anguish stemming from debt collection activities directed towards them, Plaintiffs cite no evidence whatsoever establishing a nexus between Shapiro's alleged failure to procure a surety bond and that mental anguish.[8] Plaintiffs also do not assert a claim for

---

[8] *See Searcy v. CitiMortgage*, 2018 WL 1959531, at *3 (5th Cir. Apr. 25, 2018) ("As with just about any civil claim, there must be a causal connection between the improper debt collection practice [under the TDCPA] and the harm suffered. . . Although damages for mental anguish are recoverable under the state statute the [plaintiffs] also fail to tie their distress to the [specific alleged violation] as opposed to the foreclosure itself.") (internal citations omitted); *Washington v. MCG Mortg., Inc.*, 2013 WL 12141550, at *3 (S.D. Tex. Apr. 5, 2013) (Rosenthal, J.) ("To prove and recover damages under the TDCPA, a plaintiff must link physical or psychological injuries to the actual violations."); *Whatley v. AHF Fin. Servs., LLC*, 2012 WL 7159707, at *5 (E.D. Tex. Dec. 17, 2012), *report and recommendation adopted in part*, 2013 WL 617050 (E.D. Tex. Feb. 19, 2013)
(continued…)

5

injunctive relief in their Second Amended Complaint. Accordingly, the Court relied on Plaintiffs' entitlement to statutory damages under TDCPA Section 392.403(e) in concluding that Plaintiffs, at a minimum, had raised a genuine dispute of material fact as to the damages element of their TDCPA Section 392.101 claim.[9]

Shapiro raised directly in the Shapiro Motion the argument that Plaintiffs' failure to produce evidence of damages barred their TDCPA claims. However, no party briefed the applicability of statutory damages under TDCPA Section 392.403(e) to any of Plaintiffs' claims, including Count Two of the Second Amended Complaint. In the Reconsideration Motion, Shapiro cites persuasive authority that statutory damages under TDCPA Section 392.403(e) are not a "minimum penalty" for specified violations of the TDCPA, but instead are a floor

---

(continued…)
("Plaintiff alleges various injuries, but fails to link them to the actual violations of which he complains. The TDC[P]A requires this link because it provides a cause of action for actual damages sustained as a result of a violation of this chapter." (internal quotation marks omitted); *Elston v. Resolution Servs., Inc.*, 950 S.W.2d 180, 185 (Tex. App.—Austin 1997, no pet.) ("Elston alleges various physical and psychological injuries but does not link them to the actual violations of which he complains. The Act requires such a link.").

[9] *See* M&O [Doc. # 33], pp. 22-23, n.19 ("In addition, while Shapiro correctly argues that Plaintiffs have failed to produce any evidence of actual damages resulting from Shapiro's alleged violation of TDCPA § 392.101, such lack of evidence is not fatal to Plaintiffs' claim because Plaintiffs would be entitled to statutory damages of $100 should they prevail on this claim at trial. TEX. FIN. CODE § 392.403(e).").

6

for damages in instances where a plaintiff can prove she suffered actual damages or is entitled to injunctive relief because of a violation of the TDCPA.[10] Plaintiffs failed to carry their summary judgment burden of linking any actual damages they may have suffered to Shapiro's alleged attempt to collect a debt while lacking the statutorily required surety bond. Plaintiffs also do not claim in their Second Amended Complaint that they are entitled to injunctive relief for Shapiro's alleged violation of TDCPA Section 392.101. Because Plaintiffs produced no evidence that they suffered actual damages within the meaning of the TDCPA or that they are entitled to injunctive relief, they cannot "successfully maintain" a claim under

---

[10] *See Marauder Corp. v. Beall*, 301 S.W.3d 817, 822–23 (Tex. App.— Dallas 2009) ("We agree with the analysis in *Elston* that the plain reading of subsection (e) [of TDCPA Section 392.403] imposes as a prerequisite to the statutory damages the successful maintenance of a suit. Subsection (e) limits those eligible for $100 to those who successfully maintain an action under this section. In *Elston*, the court held that the plaintiff was not entitled to statutory damages because she did not successfully maintain a suit for actual damages. The court held that the legislature did not intend to impose an automatic minimum penalty unrelated to successful maintenance of a suit under subsection (a).") (citing *Elston v. Resolution Servs., Inc.*, 950 S.W.2d 180, 183 (Tex. App.—Austin 1997, no pet.)); *Guerrero v. Credit Mgmt., LP*, 2017 WL 7052292, at *5 (W.D. Tex. Oct. 24, 2017), *report and recommendation adopted*, 2017 WL 7052319 (W.D. Tex. Dec. 19, 2017) ("Thus, under the [Fair Debt Collection Practices Act] statutory damages are a standalone remedy, but under the TDC[P]A statutory damages are only available if the plaintiff successfully proves actual damages or is awarded an injunction."). *See also Brown v. Enter. Recovery Sys., Inc.,* 2013 WL 4506582, at *14 (Tex. App.— Fort Worth Aug. 22, 2013, pet. denied) ("We agree with the Dallas and Austin courts of appeals that, unlike under the [Fair Debt Collection Practices Act], if a plaintiff does not establish either a right to injunctive relief or some actual damages, the plaintiff is not entitled to the minimum damages set out in subsection (e) [of TDCPA Section 392.403].")

TDCPA Section 392.101. Plaintiffs therefore are not legally entitled to recover statutory damages under TDCPA Section 392.403(e). The Court hereby withdraws its contrary conclusion. Without any viable claim for damages, Count Two of the Second Amended Complaint fails as a matter of law and Shapiro is entitled to summary judgment with respect to that cause of action.

## IV. <u>CONCLUSION AND ORDER</u>

For the foregoing reasons, it is hereby

**ORDERED** that Defendant Shapiro Schwartz, LLP's Motion to Reconsider Motion for Summary Judgment and Motion for Judgment on the Pleadings [Doc. # 34] is **GRANTED** in its entirety. It is further

**ORDERED** that Section III.B of the Court's Memorandum and Order, dated August 14, 2018 [Doc. # 33] is **WITHDRAWN** to the extent, and only to the extent, that Defendant Shapiro Schwartz, LLP was denied summary judgment on Count Two of Plaintiffs' Second Amended Complaint on the grounds that Plaintiffs are entitled to statutory damages for Defendant Shapiro Schwartz, LLP's alleged violation of TDCPA § 392.101. It is further

**ORDERED** that summary judgment is **GRANTED** in favor of Defendant Shapiro Schwartz, LLP on Count Two of Plaintiffs' Second Amended Complaint [Doc. # 12]. It is further

**ORDERDED** that Count Two of Plaintiffs' Second Amended Complaint [Doc. # 12] is **DISMISSED WITH PREJUDICE**.

A Final Judgment in this case will issue separately.

SIGNED at Houston, Texas, this 28th day of **August, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE